UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 06-CV-227-GFVT

FRANK PORTER, JR.                                                    PETITIONER

VS:                    **MEMORANDUM OPINION AND ORDER**

SUZANNE HASTINGS, *Warden*                                          RESPONDENT

Before the Court for consideration are two submissions [Record Nos. 4 and 5] which
Frank Porter, Jr., the *pro se* litigant, has filed.

PROCEDURAL HISTORY

Porter is confined in the United States Penitentiary-Big Sandy in Inez, Kentucky
("USP-Big Sandy").  On October 12, 2006, he filed a one-page, handwritten letter  [Record
No. 1].  On review of that filing, the Court broadly construed the submission as a *pro se*
petition seeking a writ of habeas corpus under 28 U.S.C. §2241.[1]  [*See*  Deficiency Order,
October 23, 2006.]

In the Deficiency Order, the Court noted that Porter had neither submitted the $5.00
filing fee nor the documents necessary to apply for *in forma pauperis* status as required by 28
U.S.C. §1915(a).  The Court supplied Porter with the necessary documents to sign, complete,
and return to the Court in order to determine if Porter qualified for pauper status.
Specifically, the Court sent Porter two documents:  (1) an "Affidavit of Assets/ *In Forma*

---

[1]

The Court will not reiterate its analysis of the *pro se*  filing here, as it is set forth in detail
in the Deficiency Order.

*Pauperis* Application" (Form AO-240); and (2) a "Certificate of Inmate Account Form" [Form 117] which would have set forth what the deposits in his inmate account had been for the past six months.

The Court further informed Porter, in great detail, that he would not be able to assert various constitutional claims in a proceeding seeking habeas corpus relief under §2241. Again, the Court will not recite its explanation on this issue, as it is fully set forth in its October 23, 2006 Order.  The Court explained that Porter would have to initiate a **separate** proceeding in order to assert claims for alleged violations of civil rights.

The Court clearly advised Porter that if he failed to comply with the October 23, 2006 Order within 30 days, the Court would dismiss the §2241 petition for want of prosecution [*Id.*, ¶3].  The Deficiency Order also stated that if the Court dismissed the petition on these grounds, it would not be reinstated to this Court's active docket despite the subsequent payment of the filing fee [*Id.*].

The record reflects that on October 23, 2006, the Clerk of the Court mailed a copy of the Deficiency Order to Porter at his address [*see Id.* (Attachment: Clerk's Notation)].  There is no indication in the record that the copy of the Deficiency Order, which the Clerk of the Court mailed to Porter, was returned in the mail as "Undeliverable" for any reason.

CURRENT SUBMISSIONS

Porter has now filed a letter [Record No. 4] in which he explains that he wishes to assert a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §2672, *et seq.*  To that end, he has attached the Bureau of Prisons' ("BOP") August 9, 2006 denial of his FTCA

2

claim, in which he alleged that the BOP had failed to place him in protective custody after being threatened by a white hate group.

In his second filing, "Motion Requesting Injunctive Relief" [Record No. 5], the plaintiff states that because his life is being placed in danger at USP-Big Sandy, he seeks intervention from the Court.  He states his dissatisfaction over being housed with "gang members, Muslims, contract killers . . .who are not in protective custody."  [*Id.*, p. 5.]  He also alleges that unidentified USP-Big Sandy personnel are members of a white hate group which is conspiring against him and targeting him for mistreatment.  He asks the Court to enter an order keeping the USP-Big Sandy "white-hate group" staff members away from his family's address and phone numbers.  He also asks not to be housed with three or four inmates, any Muslim inmates, or any "gang" members.

Porter did sign and return to the Court the Affidavit of Assets/*In Forma Pauperis* Application (Form AO-240) [*See* Record No. 6].  Porter did **not**, however, supply the Court with the other necessary *in forma pauperis* documentation, as he was directed to do in the Deficiency Order.  Specifically, he did not submit a completed "Certificate of Inmate Account Form" [Form 117], which is a critical component for determining whether inmates are entitled to pauper status.  His thirty days for compliance with the Deficiency Order have expired.

DISCUSSION
 1. Motion Requesting Injunctive Relief
A. Imminent Danger Claim

There are four factors which a court considers in deciding if a  preliminary injunction

3

is warranted:  (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff could suffer irreparable harm without the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. *Golden v. Kelsey-Hayes Company*, 73 F.3d 648, 653 (6th Cir. 1996) (citing *Performance Unlimited v. Questar Publishers*, 52 F.3d 1373, 1381 (6th Cir. 1995) (citing *International Longshoremen's Ass'n, AFL-CIO, Local Union No. 1937 v. Norfolk S. Corp.*, 927 F.2d 900, 903 (6th Cir.), *cert. denied*, 502 U.S. 813 (1991) (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985)).

As for the plaintiff's claim that his life is in imminent danger because of his exposure to white-hate gang members, Porter's likelihood of success on the merits [Factor No. 1] is slim.  The Court notes that pursuant to 28 C. F.R. §542.18, a federal prisoner may seek emergency relief.  That regulation states as follows:

> If the Request is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing.

*Id*.

The plaintiff has not demonstrated that he has pursued that avenue.  Instead, he has come to this Court and has asked it to interject itself into the administration of a federal prison.[2]  Porter has ignored available administrative remedies through which he could have

---

[2]

Even at that, he has filed a petition seeking a writ of habeas corpus under 28 U.S.C. §2241. As the Court explained in its October 23, 2006 Order, Porter is not allowed to "piggy-back" to his habeas corpus petition claims alleging constitutional violations.  That is exactly what Porter has attempted to do in his motion seeking injunctive relief.

4

brought his concerns and fears to the attention to BOP officials.  In light of that action, the Court finds that no emergent circumstances exist which would warrant this Court's interference.

As to factor (2), the existence of hardship or irreparable harm, the Court again states that Porter has failed to pursue that claim through the emergency measures set forth in 28 C.F.R. §542.18.  His failure to do so is inconsistent with his allegation that his Eighth Amendment rights have been violated.  His choice to take a much slower path of action (federal court) indicates to the Court that Porter does not consider himself to be facing irreparable damage.

As to factors (3) and (4), the courts are ever cautioned to stay out of the business of micro-managing prisons.  *See Bell v. Wolfish*, 441 U.S. 520 (1979); *Turner v. Safley*, 482 U.S. 78 (1987); and *Turney v. Scroggy*, 831 F.2d 135 (6th Cir. 1987).  Porter's request for emergency injunctive relief on this issue will be denied.

2.  Housing Claim

As for Porter's request for emergency relief regarding his housing arrangements, his claims there would also fail to succeed on the merits.  Well settled law establishes that prisoners have no inherent constitutional right to placement in any particular prison, security classification, or housing assignment.  *See Olim v. Wakinekona*, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L. Ed.2d 813 (1983); *Meachum v. Fano*, 427 U.S. 215, 225, 96 S. Ct. 2532 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S. Ct. 2543 (1976); *Marchesani v. McCune*, 531 F.2d 459 (10th Cir.), *cert*. *denied*, 429 U.S. 846 (1976) (inmates have neither protected

liberty interests nor property interests in custodial classification).  Rather, the Attorney

General of the United States has delegated those discretionary decisions to the Director of the

BOP, which has a classification procedure.  18 U.S.C. §4081; 28 C. F .R. §0.96;  *Peck v.*

*Hoff*, 660 F.2d 371 (8th Cir. 1981).

Congress has given federal prison officials full discretion to control the conditions of

confinement, vesting the BOP "with the right to exercise complete and absolute discretion in

matters relating to the incarceration and classification of lawfully convicted prisoner," 18

U.S.C. §3621; *Moody v. Daggett*, 429 U.S. 78, 88 (1976); and  *Beard v. Livesay*, 798 F.2d

874 (6th Cir. 1986).

Under the circumstances of this case, to find a liberty interest in prisoner housing

decisions would  be to involve the judiciary in "the day-to-day functioning of . . . prisons . . .

[and] . . . issues and discretionary decisions that are not the business of federal judges."

*Meachum v. Fano*, 427 U.S. at 228-29.  The Court is not convinced that the public interest

would be served by interfering with the BOP's housing decisions.

 The Supreme Court has explicitly rejected heightened judicial scrutiny of prison

security policies.  Rigorous scrutiny, the Court noted, is simply "not appropriate for

consideration of regulations that are centrally concerned with the maintenance of order and

security within prisons."  *Thornburgh v. Abbott*, 490 U.S. 401, 409-10, 109 S. Ct. 1874

(1989).  "Subjecting the day-to-day judgments of prison officials to an inflexible strict

scrutiny analysis would seriously hamper their ability to anticipate security problems and to

adopt innovative solutions to the intractable problems of prison administration."  *Turner v.*

6

*Safley*, 482 U.S. at 89.

Prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security."  *Bell v. Wolfish*, 441 U.S. at 562. For this reason, the Court will not interfere with the BOP's housing decisions affecting Porter.

2.  Porter's Failure to Fully Comply with October 23, 2006 Order

The lenient treatment generally accorded to *pro se* litigants has limits.  *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (dismissal of *pro se* complaint was appropriate where plaintiff failed to respond to defendants' Rule 12(c) motion *when ordered to do so by magistrate judge*) (emphasis added); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (a *pro se* litigant is not afforded special consideration for failure to follow readily comprehended court orders).

Here, Porter disregarded the Court's instructions set forth in the Deficiency Order by not filing either the completed "Certificate of Inmate Account" or an extension of time in which to file same.  Instead, he has attempted to amend his initial filing by asserting various claims unrelated to his construed habeas petition.   Porter bears some responsibility in fully complying with the Court's readily comprehendible Deficiency Order in a timely fashion. His failure to submit the "Certificate of Inmate Account" is an abandonment of his claims. The Court will dismiss the construed §2241 petition, without prejudice, for want of prosecution.

7

CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)      Frank Porter Jr.'s "Motion for Injunctive Relief" [Record No. 5] and his "Application to Proceed *In Forma Pauperis*" [Record No. 6] are **DENIED** as **MOOT**.

(2)      This action [06-CV-227-GFVT] is **DISMISSED WITHOUT PREJUDICE**.[3]

(3)      Judgment shall be entered contemporaneously with this memorandum opinion in favor of Suzanne Hastings, the named respondent.

This 30th day of November, 2006.

**Signed By:**

**_Gregory F. Van Tatenhove_**

**United States District Judge**

---

[3]      The petitioner's FTCA claim is also dismissed without prejudice to his right to properly assert those claims in a separate civil rights action, not as a part of a §2241 habeas corpus proceeding.